UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jennifer J. Dyer

   v.                                           Civil No. 12-cv-297-LM
                                                Opinion No. 2014 DNH 220
Target Corporation


**O R D E R**

Plaintiff, Jennifer J. Dyer, sues Target Corporation ("Target") alleging that Target negligently failed to remove a puddle of water from the floor of its store in Nashua, New Hampshire, which caused her to slip and fall while shopping. Dyer originally filed her lawsuit in state court, but Target removed it to this court on the basis of diversity jurisdiction. Target now moves for summary judgment. Dyer objects.


**Summary Judgment Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue is one that could be resolved in favor of either party, and a material fact is one that has the potential of affecting the outcome of the case." Jakobiec v. Merrill Lynch Life Ins. Co., 711 F.3d 217, 223 (1st Cir.

2013) (internal quotation marks omitted).  When ruling on a motion for summary judgment, the court must "view[] the entire record 'in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor.'"  Winslow v. Aroostook Cnty., 736 F.3d 23, 29 (1st Cir. 2013) (quoting Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000)).  The movant may satisfy its burden by showing "that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

"The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists."  Sanchez-Rodriguez v. AT&T Mobility P.R., Inc., 673 F.3d 1, 9 (1st Cir. 2012) (quoting Iverson v. City of Bos., 452 F.3d 94, 98 (1st Cir. 2006)).  Thus, "[c]onclusory allegations, improbable inferences, and unsupported speculation, are insufficient to establish a genuine dispute of fact."  Travers v. Flight Servs. & Sys., Inc., 737 F.3d 144, 146 (1st Cir. 2013) (quoting Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)).  "Rather, the party seeking to avoid summary judgment must be able to point to specific, competent evidence to support his [or her] claim."  Sanchez-Rodriguez, 673 F.3d at 9 (quoting Soto-Ocasio

v. Fed. Ex. Corp., 150 F.3d 14, 18 (1st Cir. 1998)) (internal quotation marks omitted).

## Background

Summarized favorably to Dyer, the pertinent facts are as follows. On August 5, 2009, Dyer went shopping at the Target store on Amherst Street in Nashua. While in the store, Dyer decided to use the store's restroom. Near the entrance to the restrooms, Dyer slipped and fell to the floor. A customer came over to assist Dyer and also alerted the employees at the store's service desk that Dyer had fallen. From where she lay on the floor, Dyer could see the service desk.

The customer helped Dyer to her feet, at which point Dyer saw a large puddle of water on the floor. Dyer did not see the puddle prior to falling. The customer and a service desk employee helped Dyer walk to the food service area, where a store manager came over to speak with Dyer. The manager then instructed an employee to clean up the water.

No Target employee either heard or saw Dyer's fall. And, Target concedes that no employee went into the restroom area in the thirty minutes preceding Dyer's fall.

Target claims that it trains all its employees to be continually on the lookout for potentially dangerous conditions in the store, such as a puddle of water on the floor. Target's

Sales Floor Training Guide provides that employees should look for spills, and that, if they see one, they should not leave the spill unattended. Target also has a policy of cleaning its restrooms on an hourly basis.

## Discussion

Target argues it is entitled to summary judgment because Dyer cannot create a triable issue of fact on the question of whether Target breached its duty of care. Dyer disagrees and asserts that there are material facts in dispute on that element of her claim. Dyer has the better argument.

Under New Hampshire law, "[t]he elements of negligence are a breach of a duty of care by the defendant, which proximately causes the plaintiff's injury." Weldy v. Kingston, 128 N.H. 325, 330 (1986).

> [P]remises owners are governed by the test of reasonable care under all the circumstances in the maintenance and operation of their premises. A premises owner owes a duty to entrants to use ordinary care to keep the premises in a reasonably safe condition, to warn entrants of dangerous conditions and to take reasonable precautions to protect them against foreseeable dangers arising out of the arrangements or use of the premises. Accordingly, under New Hampshire law, a premises owner is subject to liability for harm caused to entrants on the premises if the harm results either from: (1) the owner's failure to carry out his activities with reasonable care; or (2) the owner's failure to remedy or give warning of a dangerous condition of which he knows or in the exercise of reasonable care should know.

Rallis v. Demoulas Super Mkts., Inc., 159 N.H. 95, 99 (2009) (citations omitted).

Thus, to avoid summary judgment, Dyer must point to evidence that would allow a reasonable jury to find that: (1) Target failed to exercise reasonable care to prevent her injuries, or (2) Target knew or should have known about the puddle and failed to remedy or provide a warning of the dangerous condition.  Dyer's case survives under both theories.

With respect to the first theory – the owner's failure to exercise reasonable care – there exists a dispute of material fact about whether Target exercised reasonable care to prevent Dyer's injuries.  On the one hand, it is not clear from the record whether Target maintained or inspected the area near the restrooms and service desk, where the puddle was located.  On the other hand, it is clear from the record that no Target employee was in the area for thirty minutes before Dyer's fall.  This evidence raises a question for the jury about whether Target's inattention to the restroom area for those thirty minutes renders it more likely that a spill or puddle would go undetected, and therefore that it was "reasonably foreseeable," Rallis, 159 N.H. at 101, that a person in the store could be injured.

With respect to the second theory of liability, plaintiff can prevail if she can show that Target had "actual or constructive notice of the dangerous condition." Id. at 99. The question of whether a store owner had actual or constructive knowledge of a dangerous condition is generally a question of fact for the jury. See id. at 100.

Here, although there is no evidence that Target had actual knowledge of the puddle, there is a dispute about whether Target, in the exercise of reasonable care, should have known about the puddle. Target points to the lack of any evidence establishing the length of time that the puddle was on the floor prior to Dyer's fall. While length of time can be a significant factor in the constructive notice analysis, it "is not . . . the only way to prove constructive knowledge under New Hampshire law." Id. at 100. Here, it is undisputed that the service desk, at which employees were stationed when Dyer fell, was in close enough proximity for an employee to respond quickly to assist Dyer after her fall. It is also undisputed that the service desk is visible to someone in the area of the restrooms. Thus, a trialworthy question exists regarding Target's constructive knowledge of the puddle.

**Conclusion**

For the reasons detailed above, Target's motion for summary judgment (doc. no. 16) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 17, 2014

cc: Harry M. Haytayan, Jr., Esq.
    Meredith M. Lasna, Esq.
    Sean J. Milano, Esq.